# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

PATRICK DAVID MCCOLLUM,

    Petitioner,

v.                                                                       Case No. 1:15-cv-01057-JDB-egb

CHERRY LINDAMOOD,

    Respondent.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
## AND
## DIRECTING PETITIONER TO SHOW CAUSE

On April 21, 2016, Petitioner, Patrick David McCollum, filed a motion requesting that the Court appoint counsel to represent him. (ECF No. 10.) On April 29, 2016, Respondent, Cherry Lindamood, filed a motion to dismiss Petitioner's § 2254 petition. (ECF No. 14.) For the reasons that follow, Petitioner's motion for appointment of counsel is DENIED and Petitioner is ORDERED to show cause why the motion to dismiss should not be granted.

Petitioner moves for the appointment of counsel on the ground that he has been unsuccessful in securing the services of counsel on his own. (ECF No. 10.) Under the applicable rule, appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted." Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Appointment of counsel is also "required . . . where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006A(g)); *see also* 18 U.S.C. § 3006A(a)(2) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person

who . . . is seeking relief under section . . . 2254 . . . of title 28."). The determination of whether the interests of justice or due process require the appointment of counsel is left to the sound discretion of the court. *Mira*, 806 F.2d at 638. Factors to be considered by the court include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims." *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Here, the appointment of counsel is not warranted. Nothing on the face of the Petition suggests that an evidentiary hearing will be needed. Moreover, the fact that Petitioner has not been successful in securing counsel on his own and the fact that he has no legal training do not establish that the interests of justice or due process require the appointment of counsel. *See Richmond v. Settles*, 450 F. App'x 448, 450 (6th Cir. 2011) (plaintiff's lack of legal training did not warrant appointment of counsel); *Debow v. Bell*, No. 3:10-CV-01003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (petitioner's lack of legal knowledge was "typical to most prisoners" and therefore did not warrant appointment of counsel). In addition, the legal issues do not appear to be too complex for Petitioner, whose submissions to date have been articulate and cogent. Petitioner's motion for appointment of counsel is therefore DENIED.

Under Local Rule 12.1, a response in opposition to a motion to dismiss must be filed within twenty-eight (28) days after the motion was served. Respondent filed her motion to dismiss more than seven months ago. (*See* ECF No. 14.) To date, Petitioner has not filed a response in opposition to the motion. Petitioner is therefore ORDERED to show cause, within twenty-one (21) days of the entry-date of this order, why the motion to dismiss should not be granted. Failure

to comply with this order will result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED, this 2nd day of December, 2016.

**s/ J. Daniel Breen**
CHIEF UNITED STATES DISTRICT JUDGE